## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) TABERNACLE OF PRAISE ASSEMBLY OF GOD, INC., ) ) ) Serve:  Mr. Michael Neff ) 6400 County Road 445 ) Hannibal, Missouri 63401, ) ) Defendant. ) | Case No. **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff GuideOne Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES

1. Plaintiff GuideOne Mutual Insurance Company is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in West Des Moines, Iowa.

2. Defendant Tabernacle of Praise Assembly of God, Inc. is a benevolent corporation, organized and existing under the laws of the State of Missouri, with its principal place of business in Hannibal, Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorneys' fees, and there exists complete diversity of citizenship.

4. Venue is proper in the Eastern District of Missouri under 28 U.S.C. §1391 because Defendant resides in this District, the events and omissions giving rise to the claim occurred in this District, and the property involved is situated in this District.

## GENERAL ALLEGATIONS

5. Plaintiff brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

6. An actual justiciable controversy exists between Plaintiff and Defendant and litigation as to this controversy is imminent and inevitable. Resolution of matters raised in this action will dispose of all issues between the parties under the insurance policy issued by Plaintiff.

7. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the insurance policy issued by Plaintiff.

8. Plaintiff has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

## THE INSURANCE POLICY

9. Plaintiff issued a policy of insurance, policy number 01-0026-997, dated April 1, 2022 to April 1, 2023, to Defendant for the properties located at 6400 County Road 445, Hannibal, Missouri 63401 (the "Policy"). *See* Exhibit 1, a true and accurate copy of the Policy, attached hereto and incorporated herein.

**GROUNDS FOR DECLARATORY JUDGMENT**

10. Defendant submitted a claim to Plaintiff alleging that the subject properties sustained storm damage on March 31, 2023, which claim was assigned claim number AA173925.

11. Plaintiff thoroughly investigated Defendant's claim and issued payments to Defendant for the actual cash value of the covered damages in the total amount of $89,197.83.

12. Plaintiff determined that any remaining claims for damages were not covered under the Policy because they were not the result of a Covered Cause of Loss.

13. As part of its investigation and adjustment, Plaintiff requested that Defendant provide a Sworn Statement in Proof of Loss, produce certain documents and records, and appear for an Examination Under Oath.

14. Defendant initially submitted a Sworn Statement in Proof of Loss claiming $195,577.79 under the Policy. *See* Exhibit 2, a true and accurate copy of Defendant's Sworn Statement in Proof of Loss.

15. Defendant's claim was based on a replacement cost estimate from a public adjuster, Premier Claims, LLC, providing a replacement cost value of $224,823.43. *See* Exhibit 3, a true and accurate copy of Premier Claims, LLC's Estimate.

16. On June 28, 2024, Defendant produced Michael Neff as the Corporate Representative of Defendant, to testify under oath on its behalf at an Examination Under Oath.

17. Defendant subsequently provided an estimate from a roofing contractor, Cardinal Contractors, LLC, providing a replacement cost value of $475,783.72 on April 4, 2025. *See* Exhibit 4, a true and accurate copy of Cardinal Contractors, LLC's Estimate.

18. Due to the increase in the amount of damages Defendant was claiming, on April 14, 2025, Plaintiff requested an updated Sworn Statement in Proof of Loss and an additional Examination Under Oath.

19. On August 19, 2025, Defendant submitted another Sworn Statement in Proof of Loss claiming $473,283.72 under the Policy.  *See* Exhibit 5, a true and accurate copy of Defendant's Sworn Statement in Proof of Loss.

20. Defendant's claim was based on the replacement cost estimate from Cardinal Contractors, LLC.  Exhibit 4; Exhibit 5.

21. On October 30, 2025, Defendant produced Michael Neff as the Corporate Representative of Defendant, to testify under oath on its behalf at a supplemental Examination Under Oath.

22. Mr. Neff's supplemental Examination Under Oath was unable to be completed on October 30, 2025 due to a scheduling issue involving Defendant.

23. The parties adjourned the Examination Under Oath for the day, and agreed that it would be completed on a subsequent, mutually agreeable date.

24. Plaintiff repeatedly followed up with Defendant after October 30, 2025 concerning completion of Mr. Neff's Examination Under Oath, as well as requesting additional documents and records with respect to its ongoing investigation and adjustment of the claim.

25. Despite Plaintiff's repeated requests, Defendant failed to provide all of the documents and records requested by Plaintiff during the claim, and failed to produce Mr. Neff for the completion of the Examination Under Oath.

26. One or more of the following provisions, *inter alia*, of the Policy apply and bar or may bar coverage in this case for Defendant:

4

BUILDING AND PERSONAL PROPERTY COVERAGE FORM

\*\*\*

A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

E. Loss Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

\*\*\*

3. Duties In The Event Of Loss Or Damage

   a. You must see that the following are done in the event of loss or damage to Covered Property:

      (1) Notify the police if a law may have been broken.

      (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

      (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

      (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

      (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

      (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

    Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

  (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

  (8) Cooperate with us in the investigation or settlement of the claim.

 b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS

\*\*\*

A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;

3. Your interest in the Covered Property; or

4. A claim under this Coverage Part.

\*\*\*

## CAUSES OF LOSS – SPECIAL FORM

\*\*\*

A. Covered Causes of Loss

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

B.   Exclusions

\*\*\*

2.   We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

    d.   (1)   Wear and tear;

        (2)   Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\*\*\*

        (4)   Settling, cracking, shrinking or expansion;

\*\*\*

    f.   Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\*\*\*

    m.   Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3.   We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

    c.   Faulty, inadequate or defective:

\*\*\*

        (2)   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3)   Materials used in repair, construction, renovation or remodeling; or

        (4)   Maintenance;

of part or all of any property on or off the described premises.

\*\*\*

C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

\*\*\*

  c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

    (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

\*\*\*

MISSOURI LIMITATIONS ON COVERAGE FOR ROOF SURFACING

\*\*\*

B. The following applies with respect to loss or damage by wind and/or hail to a building or structure identified in the Schedule as being subject to this Paragraph B.:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

C. For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all material used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

\*\*\*

27. The damages claimed by Defendant are not the result of a Covered Cause of Loss, but instead are attributable to one or more of the following: wear, tear and/or deterioration, continuous or repeated seepage or leakage of water over a period of 14 days or more, neglect, faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials used in repair, construction, renovation or remodeling, or maintenance, and/or are merely cosmetic, and not functional, in nature.

28. As the Policy precludes, excludes and/or limits coverage for such damages, Defendant is barred from recovery under the Policy and no coverage exists for the claimed damages.

29. Defendant failed to cooperate and comply with its duties after a loss as required under the Policy, including, but not limited to, failing to provide accurate testimony during the Examination Under Oath, failing to timely provide a Sworn Statement in Proof of Loss, failing to complete the Examination Under Oath, failing to protect the subject property from further damage, failing to produce requested documents and records in support of the claim, failing to cooperate with Plaintiff in the investigation of the claim, and other related matters.

30. These failures to cooperate by Defendant, despite Plaintiff's reasonable diligence, have prejudiced Plaintiff's rights under the Policy and, as such, Defendant is barred from recovery under the Policy and no coverage exists for the claimed damages.

31. Plaintiff has sustained damage as a result of Defendant's breaches of the Policy's conditions in that it has advanced $89,197.83 to Defendant during the course of the claim investigation and adjustment. Plaintiff is entitled to recoup and/or recover the full amount of advance payments from Defendant. Alternatively, Plaintiff is entitled to a set-off in the amount of said advance payments against any judgment in favor of Defendant.

32.     Plaintiff has sustained damage as a result of Defendant's breaches of the conditions of the Policy in that it has incurred substantial costs and expenses for claim response, investigation, adjusting and evaluating and attorneys' fees, which continue to accrue.  Plaintiff is entitled to recoup and/or recover the amount of these costs and expenses from Defendant.

WHEREFORE, Plaintiff GuideOne Mutual Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the Policy and enter a judgment construing the Policy including applicable coverage provisions, exclusions, limitations and conditions thereunder in favor of Plaintiff; (2) declare that Plaintiff is entitled to recover the amount of costs and expenses incurred in investigation, including adjustment and evaluation of the claim, and attorneys' fees; and (3) for any and all such further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM LAW FIRM, LLC
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax: 314-621-3903
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff GuideOne Mutual Insurance Company